IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Bell<br>*a/k/a John X. Bell*<br>*a/k/a Omar Abdel-Al-Mumit*,<br><br>        Plaintiff,<br><br>vs.<br><br>Bryan P. Stirling; Y. Wilken-Smith;<br>Paul Andrew Anderson; and Doyet A.<br>Early, III,<br><br>        Defendants. | Civil Action No. 1:22-cv-1319-TMC<br><br>**ORDER** |

Plaintiff John Bell, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's action as frivolous with prejudice and without issuance and service of process. (ECF No. 7). Plaintiff filed objections to the Report, (ECF No. 9), and this matter is now ripe for review.

**MAGISTRATE JUDGE'S FINDINGS & CONCLUSIONS**

In her Report, the magistrate judge thoroughly set forth the relevant facts, procedural history, and legal standards applicable to this action, which are incorporated herein by reference. (ECF No. 7 at 1–9). Briefly, as the magistrate judge correctly noted, the Prison Litigation Reform Act of 1996 ("PLRA"),[1] requires this court to engage in a preliminary screening of any complaint

---

[1] Pub. L. No. 104–134, 110 Stat. 1321–71 (1996).

1

in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity, and to dismiss the case upon a finding that the action "is frivolous, malicious, fails to state a claim on which relief may be granted," or seeks monetary relief against a defendant who is immune from such relief. *Id*. at 8, 16 (citing 28 U.S.C. §§ 1915(g), 1915A). The magistrate judge further noted that, in order to state a claim for relief pursuant to § 1983, a plaintiff must allege: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *Id*. at 13 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Applying these standards, the magistrate judge found that (1) Plaintiff's claims are duplicative of those raised in his numerous prior state and federal proceedings, *id*. at 9–10; (2) Plaintiff's claims impermissibly seek federal review of South Carolina state court decisions and are, therefore, barred by the *Rooker-Feldman* doctrine[2], *id*. at 10–12; (3) Plaintiff's claims seek to challenge his conviction and must be—and have repeatedly been—raised in a petition for a writ of habeas, rather than an action under § 1983, *id*. at 12; and (4) Plaintiff's allegations fail to state claim for relief under § 1983, because Plaintiff asserts no allegations against Defendants Stirling and Wilken-Smith beyond naming them in the caption, Defendant Anderson was not acting under color of state law nor do the allegations against him amount to constitutional violations, and Defendant Early has absolute judicial immunity from suit, *id*. at 13–15. Additionally, "[b]ecause the Complaint is subject to summary dismissal for failure to state a claim and for being frivolous, and because the claims in this action are duplicative of prior frivolous claims filed in other cases in this Court, the [magistrate judge] recommend[ed] that this case be deemed a strike for purposes of the PLRA's three strikes rule." *Id*. at 16.

---

[2] *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

Although Plaintiff filed objections to the Report, they are non-specific and entirely unrelated to the Report.  *See* (ECF No. 9).  Instead, Plaintiff appears to make reference to one of his prior proceedings before the South Carolina state appellate courts.  *See id*.  While the court takes judicial notice of Plaintiff's prior cases,[3] it is neither the court's job nor its responsibility wade through Plaintiff's previous filings for information that may be relevant or related to the case at hand.  Moreover, as the magistrate judge properly noted, pursuant to the *Rooker-Feldman* doctrine, this court has no authority to review, let alone reverse, decisions of South Carolina state

---

[3] *See, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records" (internal quotation marks omitted)).

courts. *See* (ECF No. 7 at 10–12). Accordingly, Plaintiff's objections are overruled and, because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Thus, having thoroughly reviewed the Report, the court, finding no clear error, agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 7), which are incorporated herein by reference. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process.[4]

    **IT IS SO ORDERED.**

                                                              s/Timothy M. Cain
                                                              United States District Judge

Anderson, South Carolina
September 26, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] This action constitutes a "strike" pursuant to the PLRA based on Plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25, 207 L. Ed. 2d 132 (2020) (noting "[a] strike-call under Section 1915(g) ... hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to dismissals without prejudice).